IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SAMUEL DIAZ-DUMENIGO,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 11-2222 (PG)
(CRIMINAL 06-0253 (PG))

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

I

A. PROCEDURAL BACKGROUND: TRIAL LEVEL

Petitioner Samuel Diaz Dumenigo and seventeen other defendants were indicted on August 10, 2006 in a five-count indictment. (Crim. No. 06-253, Docket No. 2). Count One charged that, beginning in or about August 2005, and ending in or about November 2005, in the District of Puerto Rico, St. Thomas, United States Virgin Islands, St. Maarten, Netherlands Antilles, Tortola, British Virgin Islands, Colombia, the Dominican Republic, elsewhere, and within the jurisdiction of this court, petitioner and others knowingly and intentionally combined, conspired, confederated and agreed together and with each other and other persons known and unknown to the grand jury, to commit the following offense against the United States: to import into the customs territory of the United States from a place outside thereof, five (5) kilograms or more of cocaine, a Schedule II

CIVIL 11-2222 (PG)                                              2
(CRIMINAL 06-0253 (PG))

Narcotic Drug Controlled Substance. in violation of 21 U.S.C. § 952(a).  All in violation of Title 21, United States Code Section 963.  (Crim. No. 06-0253, Docket No. 2).  Count Two charged petitioner and the others in that from in or about August 2005 up to and including November 2005, in the District of Puerto Rico, St. Thomas, United States Virgin Islands,  St. Maarten, Netherlands Antilles, Tortola, British Virgin Islands,  Colombia, the Dominican Republic, elsewhere, and  within the jurisdiction of this court, in that the defendants knowingly  and intentionally, combined, conspired, confederated and agreed together and with each other and others, to commit the following offense against the United States: to possess with intent to distribute five (5) kilogram or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).  All in violation of Title 21, United States Code Section 846.  Count Three charges the substantive aiding and abetting importation offense and Count Four charges the substantive aiding and abetting possession with intent to distribute offense.  Count Five is a forfeiture allegation.  Overt act three of the first count notes that petitioner and others coordinated and transported approximately 300 kilograms of cocaine from St. Thomas to Puerto Rico aboard a motor vessel. (Crim. No. 06-0253, Docket No. 2 at 7, ¶ 3).

CIVIL 11-2222 (PG)                                              3
(CRIMINAL 06-0253 (PG))

Petitioner and other defendants were arrested on October 6, 2006. Petitioner and another defendant proceeded to trial which began on September 4, 2007 and ended on September 14, 2007.  (Crim. No. 06-253, Docket No. 267). Petitioner was found guilty, although he testified as to his innocence and ignorance of the drug enterprise. (Crim. No. 06-0253, Docket No. 268).    Petitioner was sentence on January 9, 2008 to 120 months imprisonment on each count, to be served concurrently with each other.  (Crim. No. 06-0253, Docket No. 351).  A notice of appeal was filed on January 16, 2008.  (Crim. No. 06-0253, Docket No. 344).

## B. PROCEDURAL HISTORY: APPELLATE LEVEL

On August 12, 2010, the United States Court of Appeals for the First Circuit affirmed the conviction. United States v. Rosa-Carino, 615 F.3d 75 (1st Cir. 2010). Petitioner argued that there was insufficient evidence to convict him and that the district court erred by allowing expert testimony from a law enforcement officer on drug prices and how trafficking works.   The opinion of the court of appeals describes the organization beginning with a 49-day wire interception of more than 700 calls involving about forty individuals, as well as three shipments of cocaine containing 88, 27 and 300 kilograms of the narcotic drug.  Petitioner took the witness stand on his own behalf and related an incredible story of his lack of involvement in the enterprise.  A petition for a writ of certiorari was denied on

CIVIL 11-2222 (PG)                                    4
(CRIMINAL 06-0253 (PG))

December 13, 2010.  Rosa-Carino v. United States, 131 S. Ct. 842 (2010).

II

COLLATERAL REVIEW

This matter is before the court on *pro se* petitioner's timely motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on November 15, 2011. (Docket No. 3).  Petitioner argues that counsel failed to challenge the prosecutor's failure to prove the elements of the crimes, or to properly consult with petitioner and advise him.  Counsel also failed to move to sever and bifurcate the trials, and failed to file evidentiary motions.  Petitioner also complains of appellate counsel's representation and argues that appellate counsel had a conflict of interest in the same case, representing two appellants, and thus failing to make a lesser culpability argument. (Docket No. 3 at 10).  Petitioner also complains of lack of communication with counsel, during the appeal particularly.  He complains that counsel failed to argue the cumulative effect of errors on appeal.  Defense counsel is charged with ineffective assistance for failing to prepare adequately for trial and consult with petitioner.

In the government's response dated February 3, 2012, it outlines the court of appeal's summary of the evidence presented, including the testimony of petitioner.   The government argues that the issue of sufficiency of the evidence to convict was resolved on appeal.   The government disagrees with petitioner's

CIVIL 11-2222 (PG)                                              5
(CRIMINAL 06-0253 (PG))

argument as to the issue of severance since the same evidence would have been presented at both trials, and no clear prejudice has been shown.  As to appellate counsel, the government argues that the lack of communication in relation to issues to be discussed has not been developed.  As to the purported conflict of interest due to joint representation on appeal, the government notes an obvious vacuum since the name of the co-defendant is nowhere to be found and there is no record of a joint representation on appeal.  Furthermore, there was no cumulative effect of errors to justify a cumulative error analysis. (Docket No. 6).

On June 1, 2012, petitioner filed a reply to the response, (Docket No. 10), stressing the conflict of interest in counsel's representation of a co-defendant on appeal, something that simply does not appear anywhere.  There is certainly a hint of skullduggery in the argument but nothing in the record supports the allegation.  In any event, I do not address the matter further because it is totally undeveloped and actually bizarre if one considers the strength of petitioner's argument in the reply brief which is mostly dedicated to the matter of conflict of interest. (Docket No. 10).  Also, there is not a scintilla of a showing that counsel's pursuit of petitioner's innocence at trial was hindered by any conflict of interest.  See e.g. Mickens v. Taylor, 535 U.S. 162, 166, 122 S.Ct. 1237 (2002);  Reyes-Vejerano v. United States, 276 F.3d 94, 97-98 (1st Cir. 2002); Campuzano v. United States, 976 F. Supp. 2d 89, 102 (D.P.R. 2013).  Indeed, on January 23, 2013, in a

CIVIL 11-2222 (PG)  6
(CRIMINAL 06-0253 (PG))

"motion for leave to amend his motion to vacate pursuant to Fed. R. Crim. P. 15", (which should read "Civ."), petitioner withdraws this issue since he concedes that it is frivolous. (Docket No. 11 at 4 n.2). In any event, the court denied the motion to amend. That petitioner, obviously with the help of a jailhouse lawyer, would press a point with no factual support and under penalty of perjury taxes credulity. A lawyer so readily violating Rule 2, Rules Governing Section 2255 Proceedings would no doubt suffer a meaningful sanction from the court.

Having considered the arguments of the parties and for the reasons set forth below, I disagree with petitioner's argument that trial counsel's performance fell below an objectively reasonable standard leading to his prejudice under the Sixth Amendment. Therefore I recommend that petitioner Samuel Diaz-Dumenigo's motion to vacate, set aside, or correct sentence, as well as the supplemental motion, be DENIED without an evidentiary hearing.

### III.  DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

CIVIL 11-2222 (PG)                                    7
(CRIMINAL 06-0253 (PG))

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3, 82 S.Ct. 468 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998); Hernandez-Albino v. United States, ___F. Supp. 2d ___, 2014 WL 1017890 (D.P.R. March 14, 2014) at *8.   The burden is on the petitioner to show his entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)). It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989); United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)).  "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" United States v. McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)). Ruperto v. United States, 2013 WL 5797373 (D.P.R. Oct. 28, 2013) at *2.   Petitioner is required to make a substantial threshold showing that he is entitled to such a hearing.  Wade v. United States, 504 U.S. 181, 186, 112 S.Ct. 1840 (1992);

CIVIL 11-2222 (PG)                                8
(CRIMINAL 06-0253 (PG))

United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992); Pinillos v. United States, ___F. Supp. 2d ___, 2013 WL 6869792 (D.P.R. Nov. 29, 2013) at *6.

> [E]videntiary hearings on motions are the exception, not the rule. We have repeatedly stated that, even in the criminal context, a defendant is not entitled as of right to an evidentiary hearing on a pretrial or posttrial motion. Thus, a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment.

United States v. Isom, 85 F.3d 831, 838 (1st Cir. 1996) (quoting United States v. McGill, 11 F.3d at 225.

Collateral attack on non constitutional and non jurisdictional "claims are properly brought under section 2255 only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (quoting Hill v. United States, 368 U.S. at 428, 82 S.Ct. 468). A claim of ineffective assistance of counsel is one such constitutional violation that may be raised by way of a section 2255 motion. See United States v. Kayne, 90 F.3d 7, 14 (1st Cir. 1996). And because petitioner appears *pro se*, his pleadings are considered more liberally, however inartfully or opaquely pleaded, than those penned and filed by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Proverb v. O'Mara, 2009 WL 368617 (D.N.H. Feb. 13, 2009) at *1; Ramirez-Burgos v. United States, ___F.

CIVIL 11-2222 (PG)                                9
(CRIMINAL 06-0253 (PG))

Supp. 2d___, 2013 WL 6869653 (D.P.R. Dec. 23, 2013) at *11.  Notwithstanding such license, petitioner's *pro se* status does not excuse him from complying with both procedural and substantive law.  See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); Lassalle-Velazquez v. United States, 948 F. Supp. 2d 188, 191 (D.P.R. 2013).

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence."  U.S. Const. amend. 6.  The right to counsel is "the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441 (1970), citing, among others, Powell v. Alabama, 287 U.S. 45, 57, 53 S.Ct. 55, 55-60 (1932).  To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

The two part test for constitutionally ineffective assistance of counsel was set forth in Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. 2052; see also Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996); Knight v. United States, 37 F.3d at 774.  The petitioner "must show that 'counsel's representation fell below an objective standard of reasonableness,' and that 'the deficient performance prejudiced his defense.'" Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007)

CIVIL 11-2222 (PG)                                    10
(CRIMINAL 06-0253 (PG))

(quoting Strickland v. Washington, 466 U.S. at 687-88, 104 S.Ct. 2052).  The defendant bears the burden of proof for both elements of the test.  See Cirilo-Muñoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005) (citing Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994)).

"'[J]udicial scrutiny of counsel's performance must be highly deferential,' and 'every effort [should] be made to eliminate the distorting effects of hindsight.'" Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052); see United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012); United States v. Rodriguez, 675 F.3d 48, 56 (1st Cir. 2012).  The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d at 23 (quoting Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052); Cintron-Boglio v. United States, 943 F. Supp. 2d 292, 296 (D.P.R. 2013).

The second element of the Strickland test "also presents a high hurdle.  'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" Argencourt v. United States, 78 F.3d at 16 (quoting Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. 2052).  There must exist a reasonable probability that, "but for counsel's unprofessional errors, the result of the

CIVIL 11-2222 (PG)                                        11
(CRIMINAL 06-0253 (PG))

proceeding would have been different." Dugas v. Coplan, 428 F.3d 317, 334 (1st Cir. 2005) (quoting Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. 2052); also see Missouri v. Frye, 566 U.S.___, 132 S. Ct. 1399, 1409 (2012). "[A] reasonable probability is one 'sufficient to undermine confidence in the outcome.'" González-Soberal v. United States, 244 F.3d 273, 278 (1st Cir. 2001) (quoting Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. 2052 ); see Turner v. United States, 699 F.3d 578, 584 (1st Cir. 2012).

## B. ISSUES

Petitioner's argument related to the failure of the government to have presented proof of all of the elements of the offenses has been considered by the court of appeals and decided against him. Not much else can be written here.

When a federal prisoner raises a claim that has been decided on direct review, he ordinarily cannot attempt to relitigate the claim in a section 2255 motion. Withrow v. Williams, 507 U.S. 680, 720-21, 113 S. Ct. 1745 (1993); Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002), cited in Mangual-Garcia v. United States, 2010 WL 339048 (D.P.R. Jan. 21, 2010) at *7; Argencourt v. United States, 78 F.3d at 16 n.1; Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994); De Jesus v. United States, ___F. Supp. 2d ___, 2013 WL 6909178 (D.P.R. Nov. 4, 2013) at*5 . Therefore, the claim fails.

CIVIL 11-2222 (PG)                                     12
(CRIMINAL 06-0253 (PG))

Petitioner argues that counsel should have sought a severance.  Rule 8 of the Federal Rules of Criminal Procedure permits joinder of offenses or defendants in the same indictment or information to promote judicial economy. United States v. Josleyn, 99 F.3d 1182, 1188 (1st Cir. 1996).  A trial judge has broad discretion to grant or deny severance of joined counts or defendants after balancing the interest in judicial economy against the risk of prejudice to the defendant or the government.  See, e.g., United States v. Magana, 127 F.3d 1, 7 (1st Cir. 1997).  As is well known, generally, persons who "are indicted together should be tried together."  United States v. DeLeón, 187 F.3d 60, 63 (1st Cir. 1999) (quoting United States v. O' Bryant, 998 F.2d 21, 25 (1st Cir. 1993)); United States v. Catalan-Roman, 376 F. Supp. 2d 96, 101 (D.P.R. 2005).  For severance to be granted, a defendant "must demonstrate prejudice so pervasive that it would be likely to effect a miscarriage of justice." United States v. DeLeón, 187 F.3d at 63; United States v. LiCausi, 167 F.3d 36, 49 (1st  Cir. 1999) (defendant argues prejudice due to admission of evidence relating to crimes in which he was not involved); United States v. Sabatino, 943 F.2d 94, 96-97 (1st Cir. 1991) (defendant argues prejudicial joinder because two main prosecution witnesses fail to mention her during their testimony).  Rivera-Garcia v. United States, 2013 WL 6438951 (D.P.R. Dec. 9, 2013) at *6.   In this case, there is no visible reason why counsel would be expected to move for severance.  The defendants who went

CIVIL 11-2222 (PG)                           13
(CRIMINAL 06-0253 (PG))

to trial played similar roles in the enterprise. There is simply no constitutional violation resulting from counsel's failing to move for severance.

As to the performance of appellate counsel, a claim of ineffective assistance of appellate counsel is measured under the Strickland standard. Evitts v. Lucy, 469 U.S. 387, 833-34, 105 S.Ct. 712 (1985); Campuzano v. United States, 976 F.Supp. 2d at 117.  Appellate counsel is not required to raise every non-frivolous claim, but rather select among them to maximize the likelihood of success on the merits.  Lattimore v. Dubois, 311 F. 3d 46, 57  (1st Cir. 2002), citing Smith v. Robbins, 528 U.S. 259,  288, 120 S.Ct. 746 (2000), citing Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308 (1983); Campuzano v. United States, 976 F.Supp. 2d at 117.  While there was a long period of time with no communication with the client, there is nothing to suggest that there was a resulting prejudice to petitioner save for the vacuum of information regarding the appeal.  While there may easily be cause in view of the lack of communication, there is no showing of prejudice since appellate counsel understandably had a difficult task on appeal considering the weight of the evidence below.

Petitioner notes that counsel should have argued an accumulation of errors but presents nothing beyond conclusory statements.  What exactly the cumulative effect of errors are is left to speculation since the argument of elements of the crimes was covered by the court of appeals, and the severance issue is a non-

CIVIL 11-2222 (PG)                                14
(CRIMINAL 06-0253 (PG))

issue. See Alicea-Torres v. United States, 455 F. Supp. 2d 32, 56-57 (D.P.R. 2006); Ofray-Campos v. United States, 2013 WL 5346720 (D.P.R. Sep. 23, 2013) at *7); Morales-Machuca v. United States, 2012 WL 642461 (D.P.R. Feb. 28, 2012) at *8-9. In short, petitioner's argument as to cumulative errors is inadequate and undeveloped. See Nikijuluw v. Gonzales, 427 F.3d 115, 120 n.3 (1st Cir. 2005); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); Berroa Santana v. United States, 939 F. Supp. 2d 109, 121 (D.P.R. 2013); Ramirez-Burgos v. United States, ___F. Supp. 2d___, 2013 WL 6869653 at *17.

## C. CONCLUSION

I find that petitioner has failed to establish that his trial counsel's representation fell below an objective standard of reasonableness. See Lafler v. Cooper, 566 U.S. ___, 132 S.Ct. 1376, 1384 (2012); Strickland v. Washington, 466 U.S. at 686-87, 104 S.Ct. 2052; Moreno-Espada v, United States, 666 F.3d 60, 65 (1st Cir. 2012); United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003). But assuming that petitioner has succeeded in showing deficiencies in his legal representation at trial, or on appeal, particularly in the lack of communication from counsel on appeal, he is unable to establish that said deficiencies resulted in prejudice against him in the criminal proceedings. See Owens v. United States, 483 F.3d at 63 (quoting Strickland v. Washington, 466 U.S. at 687-88, 104 S.Ct. 2052). It is impossible to find that claimed error has produced "'a fundamental

CIVIL 11-2222 (PG)                                          15
(CRIMINAL 06-0253 (PG))

defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" <u>Knight v. United States</u>, 37 F.3d at 772 (quoting <u>Hill v. United States</u>, 368 U.S. at 428, 82 S. Ct. 468).  Similarly, considering the amount and type of evidence facing petitioner, including his own testimony relating his innocent version of his participation, it is difficult to find that ". . .counsel's conduct so undermined the proper functioning of the adversarial process that the trial [could not] be relied on as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. at 686, 104 S.Ct. 2052), quoted in <u>Lafler v. Cooper</u>, 132 S.Ct. at 1388.  Petitioner has not satisfied the second prong of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052.

Accordingly, it is my recommendation that petitioner's  motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Docket No. 3) be DENIED without evidentiary hearing.  I also recommend that the motion for reconsideration of the order denying the motion for leave to amend be DENIED. (Docket No. 13).  The motion for reconsideration adds nothing to the equation presented in the motion to amend.

Furthermore, I recommend that no certificate of appealability issue should petitioner file a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336, 123 S.Ct. 1029 (2003); <u>Slack v.</u>

CIVIL 11-2222 (PG)                    16
(CRIMINAL 06-0253 (PG))

McDonnell, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); Lassalle-Velazquez v. United States, 948 F. Supp. 2d at 193.

    Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. Fed. R. Civ. P. 72(b)(2); see Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466 (1985); United States v. DeJesus-Viera, 655 F.3d 52, 57 n.1 (1st Cir. 2011); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Velazquez v. Abbott Laboratories, 901 F.Supp. 2d 279, 288 (D.P.R. 2012).

    In San Juan Puerto Rico this 30th day of June, 2014.

                                S/ JUSTO ARENAS
                            United States Magistrate Judge