**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

**SAMUEL DIAZ-DUMENIGO**,

    Petitioner,

       v.                                CIV. NO. 11-2222 (PG)

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER

Before the Court is petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 3). On June 30, 2014, Magistrate-Judge Justo Arenas entered a Report and Recommendation ("Report" or "R&R") upon this court's request. See Docket No. 14. In his Report, Magistrate Arenas recommended that the petition be denied without an evidentiary hearing and warned the petitioner that he had fourteen (14) days from the date that the R&R was received to file any objections. See id.

Pursuant to 28 U.S.C. § 636(b)(1)(B), FED.R.CIV.P. 72(b), and Local Rule 72, a District Court may refer dispositive motions to a Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). "As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof." Gonzalez v. Sears Holding Co., 980 F.Supp.2d 170, 174 (D.P.R. 2013). If objections are timely filed, the District Judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole

or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." Alamo Rodriguez, 286 F.Supp.2d at 146 (citation omitted). See also López– Mulero v. Vélez–Colón, 490 F.Supp.2d 214, 217–218 (D.P.R. 2007)("Absent objection, … [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation."). In fact, no review is required of those issues to which objections are not timely raised. See Thomas v. Arn, 474 U.S. 140 (1985); Borden v. Secretary of Health, 836 F.2d 4, 6 (1st Cir.1987).

Petitioner timely filed objections to the Report on July 16, 2014. See Docket No. 16. Upon review, however, the court finds that Petitioner is simply rehashing the same arguments he proffered in his motion to vacate or making conclusory statements. For example, Petitioner objects to the Magistrate's assessment that the defendants that went to trial "played similar roles in the enterprise," see Docket No. 14 at page 13, when concluding that there was no reason to expect Petitioner's counsel to move for severance. In his Objection, Petitioner states, without more, that "[t]he records in this case shows [sic] that Petitioner [sic] role was just as a designated driver, which shows that Petitioner was less culpable that the co-conspirator." Docket No. 16 at page 1. Petitioner, however, fails to explain the nature of the difference, and instead moves on to argue his innocence and the lack of merit of the claims against him, which a jury and the Court of Appeals have already addressed and adjudged. "[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion … ." Singleton v. U.S., 26 F.3d 233, 240 (1st Cir.1994)(internal citation and quotation marks omitted).

Beyond the foregoing, Petitioner's additional objections merely restate or rephrase his original arguments.

CIV. NO. 11-2222(PG)                                                    Page 3

> [I]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where … an objection to a particular finding or recommendation is 'well grounded in fact and is warranted by existing law or … reversal of existing law … .'

Sackall v. Heckler, 104 F.R.D. 401, 402-03 (1st Cir.1984).

In sum, upon de novo review of the exhaustive and itemized R&R, as well as the objections thereto, the court finds no reason to depart from the Magistrate Judge's sound findings and conclusions. Accordingly, the court **APPROVES AND ADOPTS** the R&R in its entirety and **DENIES** Petitioner's motion (Docket No. 3). Consequently, the above-captioned action will be **DISMISSED WITH PREJUDICE** and judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, August 7, 2014.

                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        JUAN M. PÉREZ-GIMÉNEZ
                                        UNITED STATES DISTRICT JUDGE